No. 4016.—STATE OF LOUISIANA, through S. BELDEN, Attorney General, on the information of WM. GEORGE *v.* BOARD OF STATE ASSESSORS, JACK WHARTON and others. STATE OF LOUISIANA ex rel. WM. GEORGE et als. *v.* JAMES GRAHAM, Auditor. STATE ex rel. JACK WHARTON *v.* JAMES GRAHAM, Auditor. (Consolidated.)

The commission of a tax collector who has not been confirmed by the Senate within the time prescribed, expires on the third Monday after the meeting of the next General Assembly, and the office becomes vacant, and such person so appointed, but who has not been confirmed, can not thereafter maintain a suit under the Intrusion act against another person who has been appointed by the Governor to fill the the vacancy. Nor can such person whose office has become vacant by the non-action of the Senate maintain a mandamus against the Auditor of Public Accounts to compel him to warrant in favor of such defunct officer for an advance allowed by law to the Assessor, because the office which he holds is vacant as to him, and he has no right to the advance allowed the lawful officer.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. E. Filleul* and *J. B. Howard,* for relators. *S. Belden,* Attorney General, for respondent.

WYLY, J. The first case is a proceeding under the intrusion act to have Jack Wharton, J. W. Swords, H. Harris, B. P. Blanchard, J. W. Fairfax and C. W. Ringgold declared usurpers and intruders into the offices they occupy, to wit: the offices of State Assessors for the city of New Orleans, and to have Wm. George and the other persons named in the petition declared lawfully entitled to said offices. The court rejected the demand and decided that the respondents were entitled to the offices in dispute. It appears that Wm. George and his associates were appointed State Assessors in March, 1871, for a term expiring on the first of January, 1873, according to section 10, act No. 42 of the session of 1871—the Legislature not being in session at the time of said appointments.

It also appears that the succeeding session of the General Assembly, the session of 1872, adjourned without confirming said appointments.

Article 61 of the constitution provides that: "The Governor shall have power to fill all vacancies that may happen during the recess of the Senate by granting commissions, which shall expire at the end of the next session thereof, unless otherwise provided for in this constitution; but no person who has been nominated for office and rejected by the Senate, shall be appointed to the same office during the recess of the Senate." "Whenever a vacancy occurs in any office, State parish or municipal, in this State, now existing or which may hereafter be created, from death, resignation, or from any other cause whatever, the mode of filling which is not provided for in the constitution, all such vacancies shall be filled, if they be State or parish offices, by appointment by the Governor, with the advice and consent of the Senate, which appointment shall be for the entire unexpired term of

such vacant office.  If the Senate be not in session at the time the appointment is made, the vacancy shall be filled by appointment by the Governor, which appointment shall expire on the third Monday after the meeting of the next session of the General Assembly thereafter, unless the time for which the vacancy exists expires sooner; and if the time of such vacancy has not expired, it shall then be the duty of the Governor to fill such unexpired vacancy by appointment, by and with the advice and consent of the Senate; and if it be a municipal office, the vacancy must be filled by appointment by the Governor for the unexpired term of the person whose office is so vacated." Revised Statutes of 1870, section 2606.

The office in dispute was not created by the constitution.  The section of the Revised Statutes of 1870, just quoted, must, therefore, determine the duration of an appointment to. a State or parish office made by the Governor during the recess of the Senate.  In express terms the law provides that such " appointment shall expire on the third Monday after the meeting of the next session of the General Assembly thereafter."

Before the first day of February, 1872, the third Monday of the next General Assembly had passed; consequently, the appointments of Wm. George and the other persons named in the petition expired.  The Governor had the right to fill the vacancies in these offices by the appointment of Jack Wharton and the other respondents in March, 1872.

These respondents are not intruders and usurpers as alleged in the petition.

Whatever right Wm. George and the other persons named in the petition had to these offices ceased with the expiration of their appointments, on the third Monday of the session of the General Assembly of 1872.   The judgment in this case is therefore affirmed.

The second case is a proceeding by mandamus to compel the Auditor to issue to Wm. George, H. Heidenhain, J. Mansion, H. L. Rey and J. J. Gutierrez, each a warrant for $1000, pursuant to the forty-ninth section of act No. 42 of the acts of 1871, these relators alleging that said amount was, on the first of April, 1872, due them as State Assessors for the city of New Orleans, by the provisions of said act.

The statute relied on does not support the demand of the relators. It allows an advance on the salary of each of the Assessors of $1000 on the first day of April, and also a like advance on the first day of July of each year, to be credited on the final settlement of their accounts for the assessment of that year.   It is not pretended that the relators have undertaken the assessment of the city of New Orleans for the year 1872; and we have just shown that their appointments expired and their successors were appointed before the first of April, 1872.

Why they have seen fit to claim the advance provided by law for the assessment of 1872, under the circumstances stated, we can not imagine. Not having made the assessment of 1872, and not being authorized to make it by reason of the expiration of their appointments, the relators are wholly without right to collect any part of the salary therefor. To contend that they are entitled to the advance allowed by section 49 of act No. 42 of the acts of 1871, on an assessment which they have not attempted to make, and which they were wholly unauthorized to make, is simply absurd.

The judgment dismissing the demand of the relators is therefore affirmed.

The third case is a mandamus sued out by Jack Wharton, State Assessor for the city of New Orleans, to compel the Auditor to issue to him his warrant for $1000, an advance on the assessment of 1872, pursuant to section 49 of act No. 42 of the acts of 1871.

The court made the mandamus peremptory, and we think the judgment is correct. We have seen that the relator, Wharton, was legally appointed State Assessor for the city of New Orleans in March, 1872. As such, he is charged with assisting in making the assessment of 1872. The plain provision of section 49 of act No. 42 of the acts of 1871, on which his proceeding is based, allowed the relator an advance on his salary on the first of April, 1872, of $1000.

The court did not err in rendering the mandamus peremptory. The judgment is therefore affirmed.